UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION., <br><br> *Plaintiff*, <br><br> v. <br><br> CENTRALUX LTD., RUSLAN KIPEN, and DOES 1-10, <br><br> *Defendants.* | Civil Action No. 17-06776 <br><br> ORDER |

**THIS MATTER** comes before the Court upon application by Plaintiff Celgene Corporation ("Plaintiff" or "Celgene") for an entry of default judgement for Defendants Centralux, Ltd. ("Centralux") and Ruslan Kipen's ("Kipen" or together with Centralux, "Defendants") failure to answer or otherwise defend pursuant to Federal Rue of Civil Procedure 55(b)(2);

and it appearing that prior to entry of default judgment, the court must determine, among other things, whether Defendants have been properly served, see Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008);

and it appearing that "[s]ervice of process must satisfy both the statute under which service is effectuated and constitutional due process," and that when the defendant resides abroad, as is alleged here,[1] "the statutory prong is governed principally by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters," Celgene Corp. v. Distinct Pharma, No. 17-5303, 2019 WL 1220320, at *3 (D.N.J. Mar. 13, 2019);

---

[1] Plaintiff alleges that Centralux is located in Cyprus and that Kipen resides in Russia. See Compl. ¶¶ 2,4.

1

and it appearing that "Article 15 of the Hague Convention permits a default judgment based on service of a foreign defendant as long as: '(a) the document was served by a method prescribed by the internal law of the state addressed for the service of documents in domestic actions upon persons who are within its territory, or (b) the document was actually delivered by the defendant or to his residence by another method provided by this Convention, and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend,'" id. at *3–4 (quoting Convention Done at the Hague Nov. 15, 1965, art. 15, 20 U.S.T. 361));

and it appearing that on February 27, 2018, Plaintiff filed a motion for service by alternative means, specifically by e-mail, because Plaintiff could not locate either Defendants' physical address, see ECF Nos. 7, 7.1;

and it appearing that on July 11, 2018, Judge Steven Manion granted Plaintiff's motion for service by alternative means, ECF No. 12;

and it appearing that Plaintiff served Defendants via e-mail on July 20, 2018, ECF No. 15, but it nevertheless appearing that Plaintiff fails to address whether service via e-mail is both statutorily and constitutionally proper here, see ECF No. 16.1;

**IT IS** on this 30th day of July, 2019;

**ORDERED** that Plaintiff's motion for default judgment, ECF No. 16, is **DENIED** without prejudice; and it is further

**ORDERED** that Defendants are directed to file a renewed motion for default judgment within thirty days that explains why the method used to serve Defendants was proper in this case.

/s Madeline Cox Arleo
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**